IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:97-CR-64-BO
NO. 7:14-CV-130-BO

| | |
|---|---|
| ABDULLAH SHAKOOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the Court on petitioner's motion for reconsideration [DE 124]. For the reasons stated herein, petitioner's motion is DENIED.

## BACKGROUND

Petitioner filed a motion to vacate under 28 U.S.C. § 2255 on June 16, 2014 [DE 120]. On June 17, 2014, this Court issued an order dismissing the motion as second or successive without prejudice for the petitioner to seek authorization from the United States Court of Appeals for the Fourth Circuit. [DE 122]. Petitioner then filed this motion to reconsider pursuant to FED. R. CIV. P. 60(b)(4). [DE 124].

## DISCUSSION

Petitioner argues that his § 2255 petition should not have been considered a second or successive § 2255 petition by the Court because his § 2255 motion is based upon facts that did not become ripe until after he had filed his first § 2255 petition. Namely, Steve Lovin had not yet been indicted and convicted as a result of "Operation Tarnished Badge." However, petitioner had already filed a § 2255 motion that had been dismissed on the merits. [DE 47]. Accordingly, the

Court does not have jurisdiction to consider a second or successive § 2255 motion. Indeed, this same course of events has already been played out in this Court. In 2007 petitioner filed a second or successive § 2255 motion which raised claims related to alleged misconduct by former Robeson County Sheriff's deputies. [DE 71]. The Court held that it did not have jurisdiction to consider this motion, but appointed petitioner counsel to assist him before the court of appeals in seeking pre-filing authorization to file a second or successive motion. *See* [DE 111]. By order filed September 12, 2008, the court of appeals denied petitioner's motion seeking authorization to file a second or successive § 2255 motion. [DE 78].

Now, in the current iteration of these events, petitioner filed a second or successive § 2255 motion on June 16, 2014 [DE 120], which this Court held it did not have jurisdiction to consider without a pre-filing authorization by the court of appeals [DE 122]. It does not appear that petitioner has asked for, much less obtained, a pre-filing authorization to file a second or successive § 2255 petition at this time. Accordingly, the Court is still without jurisdiction to consider his second or successive § 2255 motion. The arguments contained in petitioner's motion for reconsideration are best directed to the United States Court of Appeals for the Fourth Circuit, as it is from it that petitioner must obtain a pre-filing authorization in order to grant this Court the jurisdiction to consider his § 2255 petition. Accordingly, petitioner's motion to reconsider is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration is DENIED.

SO ORDERED. This the **27** day of October 2014.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2