IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:97-CR-64-1-BO
No. 7:17-CV-18-BO

| | |
|---|---|
| ABDULLAH RASOOL SHAKOOR, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss. This matter was previously stayed pending the United States Supreme Court's consideration of a petition for writ of certiorari in *United States v. Brown*, No. 17-9276. As the petition for writ of certiorari was denied on October 15, 2018, the stay in this matter is LIFTED and the Court will consider the pending motions.

## BACKGROUND

On June 8, 1998, petitioner was sentenced to 320 months' imprisonment following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). [DE 28]. Petitioner noticed an appeal from his conviction and sentence, and this Court's judgment was affirmed by opinion entered October 12, 1999, and judgment entered December 13, 1999. [DE 38 & 39]. On July 21, 2016, the court of appeals authorized petitioner to file a second or successive motion pursuant to 28 U.S.C. § 2255. [DE 143]. On February 3, 2017, petitioner filed the instant motion to vacate, set aside, or correct

sentence, in which he argues that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer a career offender pursuant to U.S.S.G. § 4B1.1. [DE 153].

## DISCUSSION

The government contends, *inter alia*, that petitioner's § 2255 motion is untimely. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

As petitioner has not demonstrated that any other provision of § 2255(f) is applicable, he must be able to demonstrate that his petition is timely under § 2255(f)(3), or that it was filed within one year of the date the Supreme Court initially recognized a right that is made retroactively applicable to cases on collateral review. Petitioner relies on *Johnson v. United States*, which was decided on June 26, 2015.[1] In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(c)(e)(2)(B), which defined a violent felony to include a felony which "involves conduct that presents a serious potential risk of physical injury to another," was void for vagueness and therefore unconstitutional. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. The Supreme Court then held in *Beckles v. United States*, however, that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," and thus any

---

[1] The Court notes that the instant § 2255 motion, filed by counsel, was filed more than one year after the *Johnson* decision. Because, however, it is clear that *Johnson* does not establish a right which would provide a remedy to petitioner, the Court need not consider whether any equitable tolling of the one-year limitations period to February 2017 would be appropriate in this instance.

2

challenge to the residual clause of the career offender Guideline as being void for vagueness fails. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017).

Although petitioner argues that *Beckles*' prohibition on vagueness challenges to the advisory Guidelines is inapposite here because petitioner was sentenced prior to *United States v. Booker*, 543 U.S. 220 (2005), and pursuant to the mandatory Sentencing Guidelines, the Fourth Circuit in *United States v. Brown* has found that a challenge to the mandatory Guidelines as void for vagueness is not based on a right recognized by the Supreme Court, and thus is untimely under 28 U.S.C. § 2255(f)(3). 868 F.3d 297, 303-304 (4th Cir. 2017). As noted above, petitioner has not demonstrated that his motion is timely under any of the remaining provisions of § 2255(f), and the motion is properly dismissed. *See also Brown v. United States*, No. 5:03-CR-275-FL-1, 2019 WL 95776, (E.D.N.C. Jan. 3, 2019).

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 159] is GRANTED and petitioner's amended motion to vacate, set aside, or correct sentence [DE 153] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 30 day of January, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE